Milton **BERWIN**, Jr.,
Claimant/Appellant,

v.

**LINDENWOOD FEMALE COLLEGE,**
Employer/Respondent,

and

**Division of Employment Security,**
Respondent.

**No. ED 87916.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 7, 2006.

---

1. We deny the Division's motion to strike taken with the case.

Brian C. Howe, St. Louis, MO, for appellant.

John Towner Shaw, Dale L. Rollings, co-counsel, St. Charles, MO, for Lindenwood Female College.

Cynthia Quetsch, Jefferson City, MO, for Division of Employment Security.

SHERRI B. SULLIVAN, J.

### Introduction

Milton Berwin, Jr. (Claimant) appeals from the decision of the Labor and Industrial Relations Commission (Commission) affirming the decision of the Division of Employment Security Appeals Tribunal disqualifying him from unemployment insurance benefits. We reverse and remand.

### Factual and Procedural Background

Claimant was employed by Lindenwood Female College (Employer) as a site director whose duties included student recruitment from April 1, 2003, until November 7, 2005, when he was discharged. Claimant thereafter filed an application for unemployment benefits with the Division of Employment Security (Division), which the Division denied because it found that Claimant was discharged from employment for aggravated misconduct connected with work, specifically theft. Claimant ap-

pealed this denial to the Appeals Tribunal, which affirmed the deputy's denial, finding the following:

The employer determined to participate in the Osage County College Fair at Linn High School scheduled for October 11, 2005. The employer's associate dean of admissions assigned the claimant to attend the college fair as the employer's representative. The claimant was approved for travel to attend the college fair on October 11, 2005. The claimant did not attend the college fair on October 11, 2005.

The Commission adopted the findings of the Appeals Tribunal in its decision.

Daniel Nieland (Nieland) is Employer's Director of Adult Corporate and Graduate Admission. Joe Parisi (Parisi) is Employer's Associate Dean of Admissions.

Claimant testified that he was assigned to attend the college fair at the School of the Osage, which was originally scheduled for October 11, but then rescheduled for October 13. Claimant stated that by the time it was rescheduled, he had already been approved for a visit to the School of the Osage on October 11. Claimant testified that he informed Parisi what had happened, who gave him permission to go to the School of the Osage on October 11 even though the college fair had been postponed to another date. Claimant said he therefore visited the school as scheduled on October 11, just to say hello, but could not attend the college fair as rescheduled on October 13 because he had already been scheduled to visit three or four other high schools on that date. Claimant stated that when he visited the School of the Osage and met with Barbara Weyer (Weyer), he informed her that he could not attend the fair on October 13 because of scheduling conflicts. He set a tentative return date of November 8 and asked for a list of interested students with whom he could meet.

Nieland testified on Employer's behalf. Nieland was one of Claimant's supervisors as of September 2005, and he testified that Claimant was fired for inaccuracies on his last expense report and for not attending a college fair that was to have taken place at the School of the Osage. Claimant had submitted an expense report to Employer that indicated he was at the School of the Osage on October 11, 2005. Nieland testified that Claimant told him that he was actually at the School of the Osage on October 10. Employer received a letter addressed to Claimant from Weyer at the School of the Osage, which stated that "we missed you at the college fair and certainly hope that you are still planning to meet with students at Osage on November 8." The letter also included a list of the names and addresses of those students who were interested in meeting with Claimant.

This letter prompted Employer to review Claimant's expense report which indicated he was at the School of the Osage on October 11. Nieland stated that as a result of these events, Claimant was terminated.

Employer also called Parisi to testify on its behalf. Parisi stated that he assigned Claimant to attend the college fair at the School of the Osage on October 11, and that Claimant did not seek approval to visit the School of the Osage on a date other than October 11. Parisi also testified that he did not receive any information from the school or Claimant that the date of the college fair had changed. He stated that Employer's policy was that if a date for a college fair was changed the admissions counselor was to report that on the official admissions calendar so it could be approved and to make sure that there would be coverage in the office. He also testified that had he known that the col-

lege fair was canceled he would not have approved Claimant's trip to School of the Osage. He denied that he received a letter or had a conversation with Claimant about the change in the date of the fair.

## Point Relied On

In his point on appeal, Claimant maintains that the Commission erred in affirming the denial of his unemployment compensation benefits because the decision was against the competent and substantial weight of the evidence as he did not falsify an expense report.

## Standard of Review

Our review of the Commission's decision is governed by Section 288.210,[1] which provides, in relevant part:

The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

 We will uphold the award of the Commission if there is sufficient competent and substantial evidence to support the award. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo.banc 2003). We defer to the Commission's de-

terminations regarding weight of the evidence and the credibility of witnesses. *Five Star Mfg., Inc. v. Tanksley*, 168 S.W.3d 719, 721 (Mo.App. S.D.2005). Although we defer to the factual findings of the Commission if supported by competent and substantial evidence, the issue of whether an employee's actions constitute misconduct associated with the employee's work is a question of law. *Id.* To the extent an appeal involves questions of law, no deference is given to the Commission. *Dixon v. Div. of Employment Sec.*, 106 S.W.3d 536, 540 (Mo.App. W.D.2003). As such, whether the Commission's findings support the conclusion that Claimant was guilty of misconduct is a question of law, by which we are not bound. *Id.*

## Discussion

Section 288.050.2 prohibits a claimant from recovering certain unemployment compensation benefits when the claimant is discharged for misconduct connected with his work, "depending upon the seriousness of the misconduct as determined by the deputy according to the circumstances in each case...." Section 288.030(24) defines "misconduct" as:

an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his or her employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer....

 Generally, a claimant has the burden of showing that he or she is enti-

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

tled to unemployment benefits. *Croy v. Div. of Employment Sec.,* 187 S.W.3d 888, 892 (Mo.App. S.D.2006). However, when the employer claims that the applicant was discharged for misconduct, the burden shifts to the employer to prove the claim or misconduct connected with work. *Id.* The employer must show by a preponderance of the evidence that the claimant willfully violated the rules or standards of the Employer. *Id.*

■ There is a vast distinction between the violation of an employer's rule that would justify the discharge of the employee and a violation of such rule that would warrant a determination of misconduct connected with the employee's employment so as to disqualify him for unemployment compensation benefits. *Id.* Poor workmanship, lack of judgment, or inability to do the job do not disqualify a claimant from receiving benefits on the basis of misconduct. *Hoover v. Community Blood Center,* 153 S.W.3d 9, 13 (Mo.App. W.D. 2005).

The Commission adopted the following findings of the Appeals Tribunal:

> The employer determined to participate in the Osage County College Fair at Linn High School scheduled for October 11, 2005. The employer's associate dean of admissions assigned the claimant to attend the college fair as the employer's representative. The claimant was approved for travel to attend the college fair on October 11, 2005. The claimant did not attend the college fair on October 11, 2005.

The Commission found that Claimant missed the college fair as scheduled and held on October 11 at the "Osage County College Fair at *Linn High School.*" Claimant maintains that the college fair he was scheduled to attend was at the *School of the Osage.* Linn High School and the School of the Osage are two different schools, the former located in Osage Coun-

ty, Missouri, and the latter located in Miller County, Missouri. Parisi stated that he assigned Claimant to attend the college fair at the School of the Osage on October 11. The Commission found that Parisi assigned Claimant to attend the Linn High School college fair. Nieland testified that Claimant told him that he was actually at the School of the Osage on October 10, but submitted an expense report to Employer that indicated he was at the School of the Osage on October 11. Nieland stated that Claimant was terminated because Claimant's expense report indicated he was at the School of the Osage on October 11, but he did not attend the college fair at the School of the Osage on that date. The Commission found that Claimant was fired for not attending the college fair at Linn High School.

There is an inconsistency between the Commission's findings of fact and the evidence in the record in terms of what college fair Claimant is charged with missing. The Commission based its conclusion of law that Claimant's failure to attend the college fair at Linn High School constituted misconduct on a faulty factual premise. We cannot evaluate as a matter of law whether this conclusion is correct because it is based on a factual finding without any support in the record. Although we defer to the Commission in terms of its findings of fact, its findings of fact regarding what college fair Claimant missed is at odds with the college fair Employer said he missed. This mistaken fact leads the Commission down a road of subsequent incorrect fact findings, such as that Claimant claimed expenses for his trip to the college fair at Linn High School which he did not actually attend. This fact too is incorrect because Claimant claimed expenses for his trip to the School of the Osage.

■ There are inconsistencies and general confusion in the record possibly be-

cause the college fair held at Linn High School was called the "Osage County College Fair" and the School of the Osage has Osage in its name, and because Linn High School also hosted a college fair on October 11 to which it invited Employer to attend. However, the record is silent as to which recruiter from Lindenwood was assigned to attend Linn High School's college fair. The briefs and record suggest that the basis of Claimant's misconduct and resulting termination is his alleged failure to attend the School of the Osage college fair and his claim of expenses for traveling to the School of the Osage despite the fact that the fair was moved to another date. Neither of these allegations is reflected in the Commission's factual findings. The inaccuracy of the Commission's findings of fact results in unsupported conclusions of law. Under Sections 288.210(3) and (4), we may reverse and remand for rehearing when the facts found by the Commission do not support the award, as well as when there is no sufficient competent evidence in the record to warrant the making of the award. We find reversal is warranted on both grounds. The Commission's unsupported factual findings and resulting decision prevent a meaningful review of the ultimate issue of law of whether or not Claimant committed misconduct egregious enough to withhold unemployment benefits from him.

For the foregoing reasons, Claimant's point on appeal is granted.

The judgment of the Commission is reversed and remanded for proceedings consistent with this opinion.

ROY L. RICHTER, P.J. and KATHIANNE KNAUP CRANE, J., concur.