Lawrence DUNCAN, Appellant,

v.

**ACCENT MARKETING, LLC and Division of Employment Security, Respondents.**

**No. ED 94518.**

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 28, 2010.

John Ammann, St. Louis, MO, for appellant.

Accent Marketing, Farmington, pro se.

Jeannie Mitchell, Jefferson City, MO, for respondents.

## NANNETTE A. BAKER, Judge.

### Introduction

Lawrence Duncan ("Claimant") appeals from the order of the Labor and Industrial Relations Commission ("Commission") affirming the decision of the Appeals Tribunal ("Tribunal"), which found that Claimant was disqualified from receiving unemployment benefits because he committed misconduct connected with work as defined by Section 288.030.1(23).[1] Claimant contends the Commission erred in finding that his actions constituted misconduct. We reverse and remand.

### Factual and Procedural Background

Claimant was discharged from his job with Accent Marketing Services, L.L.C.

---

1. All statutory references are to RSMo. Supp. 2006, unless otherwise indicated.

("Employer") on September 9, 2009. Upon discharge, Claimant filed a claim for unemployment benefits, which a deputy for the Division of Employment Security denied. The deputy determined that Employer discharged Claimant for misconduct connected with work, thereby disqualifying Claimant from receiving unemployment benefits. Claimant appealed the deputy's decision to the Tribunal. The Tribunal held a hearing via a telephone conference in which Claimant and his immediate supervisor, Tammy Riddell, testified. The following relevant facts were presented to the Tribunal during the hearing.

Claimant was employed from March 31, 2008 to September 9, 2009 as a customer service representative ("Representative") for Employer. Employer provides call center services for various clients, one of whom is Sprint. Claimant's job responsibilities included taking inbound calls from Sprint customers and assisting the customers in resolving service related issues.

Employer requires its representatives to use a computer based system called Knowledge Management System ("KMS") when assisting Sprint customers. KMS allows representatives to search within the system for instructive documents that assist the representatives in identifying solutions to the caller's issues. Throughout his employment, Claimant demonstrated an ability to adequately use KMS. Claimant received multiple positive performance reviews, pay raises, and awards throughout his employment with Employer. Prior to September 1, 2009, Employer did not have any significant problems with Claimant's job performance.

On September 1, 2009, Claimant received a verbal warning from Employer for failing to perform troubleshooting steps as outlined by KMS while assisting a Sprint customer. Claimant instructed the customer to go to a Sprint store to have the issue resolved. Claimant felt the customer would be better served by going to a store so someone could see what was wrong with the phone instead of troubleshooting the issue over the phone. Employer also warned Claimant for allowing the customer to experience several periods of silence during the call and for failing to "show empathy" to the customer.

On September 3, 2009, Claimant received a written warning for failing to use KMS during a call. Claimant signed the warning, which stated, "failure to improve may result in further disciplinary action up to and including termination." Following this warning, Claimant met with two upper level management personnel about his failure to properly use KMS.

On September 5, 2009, Claimant received another written warning for failing to access a relevant KMS document while assisting a customer. Claimant used KMS during the call but did not access the document that was most relevant to the customer's issue. Finally, on September 9, 2009, Employer terminated Claimant for two reasons. First, Claimant failed to follow steps within the KMS document before transferring a call to the technical department. Second, Claimant did not call a customer back after the call was disconnected. Employer's policy required representatives to call a customer back if a call was disconnected.

Following the hearing, the Tribunal found that Employer discharged Claimant for failing to perform his duties despite several warnings by Employer. Specifically, the Tribunal found that Claimant failed to use KMS on several occasions despite displaying an ability to adequately use the system. Additionally, the Tribunal found that on the date of his discharge, Claimant did not use KMS in a troubleshooting situation prior to transferring a caller to the technical department and that Claimant, in

violation of Employer's policy, did not re-contact a customer after the call was disconnected. The Tribunal upheld the deputy's determination that Claimant committed misconduct connected to work, stating:

> The claimant had previous warnings about the proper use of the KMS system. On the date of his discharge, the claimant failed to use the KMS system and also failed to follow the employer's policy regarding the re-contacting of a disconnected caller. These repeated failures to follow the employer's policies demonstrate negligence to such a degree as to manifest culpability.

The Commission affirmed the decision of the Tribunal and adopted the Tribunal's decision as its own. This appeal follows.

### Standard of Review

This court may modify, reverse, remand for rehearing, or set aside the decision of the Commission when: (1) the Commission acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was no sufficient competent evidence in the record to warrant the making of the award. Section 288.210 RSMo.2000.

Absent a showing of fraud, we view the factual findings of the Commission as conclusive so long as they are supported by competent and substantial evidence. Section 288.210; *Ragan v. Fulton State Hosp.*, 188 S.W.3d 473, 474 (Mo.App. E.D. 2006). In determining whether competent and substantial evidence was presented, we examine the evidence in the record as a whole. *Scrivener Oil Co., Inc. v. Div. of Employment Sec.*, 184 S.W.3d 635, 638 (Mo.App. S.D.2006). We are not bound by the Commission's conclusions of law or its application of the law to the facts. *Korkutovic v. Gamel Co.*, 284 S.W.3d 653, 656 (Mo.App. E.D.2009).

### Discussion

In Claimant's sole point on appeal, he claims the Commission erred in affirming the decision of the Tribunal finding that Claimant committed misconduct connected with work. Claimant argues his conduct did not amount to misconduct. We find the facts found by the Commission do not support the Commission's conclusion that Claimant's actions constituted misconduct.

Generally, an employee bears the burden of proving eligibility for unemployment compensation benefits. *Frisella v. Deuster Elec. Inc.*, 269 S.W.3d 895, 899 (Mo.App. E.D.2008). However, when an employer claims an employee was discharged for misconduct, the employer must show by a preponderance of the evidence that the employee willfully or intentionally disregarded or violated the employer's rules. *Scrivener*, 184 S.W.3d at 641. The determination of whether an employee's actions constitute misconduct connected with work is a question of law which we review *de novo*. *Korkutovic*, 284 S.W.3d at 658.

A claimant may be disqualified from receiving unemployment benefits upon a finding that the claimant was discharged for misconduct connected with the claimant's work. Section 288.050.2. Misconduct is defined as:

> An act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his or her employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or

of the employee's duties and obligations to the employer. Section 288.030.1(23). "Poor workmanship, lack of judgment, or the inability to do the job do not disqualify a claimant from receiving benefits on the basis of misconduct." *Williams v. Enterprise Rent–A–Car Shared Servs., LLC,* 297 S.W.3d 139, 144 (Mo.App. E.D.2009). "[T]here is a vast distinction between conduct that would justify an employer in terminating an employee and conduct that is misconduct for purposes of denying unemployment benefits." *Id.*

██ To satisfy Section 288.030.1(23), the Commission must find that a claimant's conduct was willful. *See Wieland v. St. Anthony's Med. Ctr.,* 294 S.W.3d 77, 79 (Mo.App. E.D.2009); *Scrivener,* 184 S.W.3d at 641. Even where negligence is alleged as the basis for misconduct, there must be a showing of willful intent. *Wieland,* 294 S.W.3d at 79. Without evidence that the claimant deliberately or purposefully erred, the claimant cannot properly be found to have committed an act of misconduct. *Frisella,* 269 S.W.3d at 899. Furthermore, multiple violations of an employer's policy, without a showing of willfulness, do not disqualify a claimant from receiving unemployment benefits. *See Williams,* 297 S.W.3d at 141–44 (sixteen tardies in one year held not to be misconduct because tardiness was not willful); *Frisella,* 269 S.W.3d at 899 (two violations of employer's policy was not misconduct without a showing of willfulness).

In the present case, the Commission found that Claimant's repeated errors "demonstrate[ed] negligence to such a degree as to manifest culpability." While the Commission determined that Claimant's negligence was the basis of misconduct, they did not find that Claimant's actions were willful. *Wieland,* 294 S.W.3d at 79. We find no evidence in the record that Claimant deliberately or purposefully erred.

The Commission based its determination that Claimant committed misconduct on the facts that Claimant failed to follow Employer's KMS policy and that he failed to call a customer back after a disconnected call. However, the Commission did not find any facts that suggest Claimant's inadequate use of KMS or his failure to call the customer back was deliberate or purposeful. An employee's failure to follow an employer's instructions is not necessarily grounds for finding misconduct. *Scrivener,* 184 S.W.3d at 640.

In *Frisella v. Deuster Elec. Inc.,* we held that an employee's failure to adhere to his employer's policy was not misconduct without evidence that the failure was willful. 269 S.W.3d at 899–900. There, the employer only presented evidence that the claimant failed to perform assigned tasks and that he failed to follow the employer's instructions to call and report problems at the job site. *Id.* at 899. This court found that although Claimant's failure to follow the employer's instructions reflected poor workmanship or lack of judgment, the employer never proved that Claimant willfully committed the errors or omissions. *Id.* We specifically stated, "[a]bsent evidence that Claimant deliberately or purposefully committed the mistakes, he cannot be found to have committed an act of misconduct." *Id.* at 900.

Here, just as in *Frisella,* the facts found by the Commission indicate only that Claimant violated Employer's KMS policy despite being instructed to follow the policy and that he failed to call a customer back. These violations may reflect poor workmanship or lack of judgment, but the facts found by the Commission do not suggest that Claimant's failure to follow the KMS policy or to call the customer back was deliberate or purposeful. Without

such evidence, as we stated in *Frisella,* we cannot find that Claimant's violations of Employer's policy were willful.

In *Comeaux v. Convergys Customer Mgmt. Group, Inc.,* we found that a claimant who had received warnings for his poor job performance did not commit misconduct when he later violated his employer's policy by being rude to a potential customer during a phone call. 310 S.W.3d 759, 761–63 (Mo.App. E.D.2010). We found that though the claimant's actions could be viewed as inappropriate, the employer did not present any evidence to indicate that his behavior was anything more than a lack of judgment. *Id.* at 763. Here, as in *Comeaux,* the Commission found that Claimant knew the KMS policy and violated it even after he was warned by Employer about not following the policy. These facts suggest that Claimant's actions may have been inappropriate and may reflect a lack of judgment, but these facts do not support a finding that Claimant's actions were deliberate or purposeful. Because the record lacks any evidence that Claimant deliberately or purposefully failed to follow the KMS policy or call the customer back, we cannot find that Claimant committed misconduct. *Frisella,* 269 S.W.3d at 899

Accordingly, we find the Commission erred in affirming the Tribunal's decision that Claimant committed misconduct connected with work as defined by Section 288.030.1(23) because the facts relied on by the Commission, which we accept as conclusive, do not support a finding that Claimant willfully violated Employer's rules or standards. Claimant's sole point on appeal is granted.

### Conclusion

For the above stated reasons, we reverse the decision of the Commission and remand this cause for further proceedings consistent with this opinion.

KURT S. ODENWALD, P.J., and ROBERT G. DOWD, JR., J., concur.