

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| MARION DORTCH, | ) | |
| | ) | ED103757 |
| Appellant, | ) | |
| | ) | |
| v. | ) | Appeal from the Labor and Industrial |
| | ) | Relations Commission |
| ZOLTEK CORPORATION, | ) | |
| | ) | Commission No. LC-15-02529 |
| and | ) | Appeal No. 15-14252 R-A |
| | ) | |
| DIVISION OF EMPLOYMENT | ) | |
| SECURITY, | ) | FILED: June 14, 2016 |
| | ) | |
| Respondents. | ) | |

## Introduction

Marion Dortch (Claimant) appeals the decision by the Labor and Industrial Relations Commission (Commission), denying him unemployment compensation benefits after his termination by the Zoltek Corporation (Employer) for misconduct connected with his work. We affirm.

## Background

Claimant worked for Employer from April 7, 2014, through September 25, 2015. On August 28, 2015, Employer received a telephone call from someone Employer believed to be a reliable source, with information prompting Employer to call a third party company, Guardian, to conduct a drug and alcohol screen with Claimant. Guardian came to

Claimant's workplace that day to conduct the screen on-site, but Claimant refused to provide a urine sample. Employer terminated Claimant on September 25, 2015, after receiving the records of Claimant's refusal from Guardian.

Claimant filed for unemployment benefits. The Deputy initially considering Claimant's request denied benefits, finding Employer discharged Claimant for misconduct connected with work. Claimant appealed.

At a hearing conducted by the Appeals Tribunal, Nan Clark (Clark), Employer's Corporate HR Manager, testified that Employer has a zero tolerance policy concerning drug use. She stated it is Employer's policy to conduct drug screens at random or when there is cause or reasonable suspicion that an employee may be under the influence of alcohol or drugs at work. Clark testified that when the test is conducted due to a reasonable suspicion of drug use, there is no means for an employee to challenge the basis for Employer's suspicion. Rather, regardless of why employees are being tested, they must take the test upon Employer's request.

Claimant testified that in his case, he refused to provide a urine sample for the test because he was asked to do so in front of a female. He testified that in the bathroom, the stalls had been taped off and the only option was to urinate in front of the female representative from Guardian, which he felt was inhumane. Clark responded that Claimant had access to one stall in the bathroom, and that the Guardian representative had only taped off the other stalls as part of the procedure to prevent tampering with the sample.

The Appeals Tribunal concluded Employer's evidence was more credible than Claimant's. The Tribunal found that Claimant was required to use a designated stall to provide a urine sample, and he refused. The Tribunal concluded that Claimant was

2

discharged for violating Employer's policies on drug testing and upheld the denial of benefits.

Claimant appealed to the Labor and Industrial Relations Commission, which affirmed and adopted the decision of the Appeals Tribunal. This appeal follows.

Standard of Review

When we review a decision of the Commission, the Commission's findings as to the facts and the credibility of witnesses shall be conclusive. Berwin v. Lindenwood, 205 S.W.3d 291, 294 (Mo. App. E.D. 2006). We review only questions of law. Id. "The determination of whether an employee is discharged for misconduct connected with work is a question of law that we review *de novo*." Williams v. Enterprise Rent-A-Car Shared Servs., LLC, 297 S.W.3d 139, 142 (Mo. App. E.D. 2009).

We may modify the decision of the Commission under the following circumstances:

(1) That the Commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the Commission do not support the award; or

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

Section 288.210, RSMo. (2000). We determine whether the Commission's decision is supported by competent and substantial evidence in the context of the whole record. Quik N' Tasty Foods, Inc. v. Div. of Employment Sec., 17 S.W.3d 620, 623-624 (Mo. App. W.D. 2000).

3

Discussion

Claimant raises two points on appeal. First, he argues that the Commission's decision is unsupported by competent and substantial evidence on the whole record because Employer failed to establish that it had reasonable suspicion to require Claimant to submit to a drug screen. Next, he argues that the Commission erred in finding Employer terminated Claimant for misconduct connected with work because Employer's rule was not fairly or consistently enforced. Because these points are related based on the statutory definition of misconduct, we discuss them together. We conclude both are without merit.

A claimant generally has the burden of establishing he or she is entitled to unemployment compensation benefits; but when the employer argues the claimant is ineligible for benefits due to being discharged for misconduct connected with work, the burden shifts to the employer to demonstrate such misconduct by a preponderance of the evidence. Menendez v. Div. of Employment Sec., 461 S.W.3d 837, 839 (Mo. App. E.D. 2015); see also Section 288.050.2 (claimant discharged for misconduct connected with work is disqualified for benefits). Under the 2014 amendments to Section 288.030.1(23),[1] misconduct is defined as "conduct or failure to act in a manner that is connected with work," including the following:

> (e) A violation of an employer's rule, unless the employee can demonstrate that:
>
> > a. He or she did not know, and could not reasonably know, of the rule's requirements;
> >
> > b. The rule is not lawful; or
> >
> > c. The rule is not fairly or consistently enforced.

---

[1] All statutory references are to RSMo. (Supp. 2015), unless otherwise indicated.

4

Secion 288.030.1(23)(e). Missouri courts have held that a single instance of intentional disobedience of an employer's reasonable directive can constitute misconduct. Smith v. Delmar Gardens of Creve Coeur, 406 S.W.3d 95, 98 (Mo. App. E.D. 2013) (quoting Finner v. Americold Logistics, LLC, 298 S.W.3d 580, 584 (Mo. App. S.D. 2009)). The amended definition of misconduct is consistent with these holdings, assuming the claimant cannot establish any of the exceptions listed in subsection (e).

Here, Claimant first argues that Employer failed to provide sufficient competent and substantial evidence to support the Commission's findings that Claimant was discharged for misconduct connected with work in that an uncorroborated, anonymous phone call did not give rise to a reasonable suspicion that Claimant was working while under the influence of drugs. However, this is not the focus of our review given the Employer's policy here. The evidence, viewed in light of the Commission's determination that Employer's testimony was more credible, showed that Employer had a zero tolerance policy providing for random drug screens as well as drug screens based on suspected drug use. Employees were not permitted to contest the reason for a drug test, and refusal to submit to a drug test constituted violation of Employer's policy.

Thus, we do not review whether there was competent and substantial evidence on the record for Employer's suspicion regarding Claimant's possible drug use at work.[2] Rather, we review whether competent and substantial evidence supports the Commission's findings that (1) Claimant violated Employer's drug screening policy, and (2) Employer terminated Claimant's employment due to such policy violation. We find substantial and competent evidence on the whole record supporting the Commission's conclusions.

---

[2] Moreover, there is no basis for analyzing Employer's "reasonable suspicion" under Fourth Amendment jurisprudence as it relates to investigatory stops, as Claimant argues in his brief.

5

First, all of the evidence, including Claimant's testimony, established that Employer required Claimant to submit a urine sample for a drug screen and Claimant refused to do so. Employer testified its policy provided Employer could require employees to undergo drug screens either when Employer suspected drug use or regardless of any suspicion, even for no reason at all. Thus, the reason for Employer's request to Claimant is irrelevant under such a policy, and Employer established that by failing to submit to the requested drug screen, Claimant violated one of Employer's rules. Section 288.030.1(23)(e); Smith, 406 S.W.3d at 98.

Second, regarding the exceptions contained in Section 288.030.1(23)(e), Claimant does not argue that he did not know of the rule, or that the rule was unlawful. To the extent Claimant argues that enforcement of the drug screening policy was unlawful or unreasonable in this case because he was required to urinate in front of a female, the Commission found this testimony less credible than Employer's testimony that Claimant was not in fact asked to do so. We must defer to these credibility findings. See Berwin, 205 S.W.3d at 294. The Commission found that Claimant "was required to use a designated stall in the men's restroom and he refused." Thus, Claimant's actions constituted a violation of his employer's rule under Section 288.030.1(23)(e).

Nevertheless, Claimant argues that the Commission erred in denying unemployment compensation benefits because Employer did not fairly or consistently enforce its policy, under Section 288.030.1(23)(e)(c). However, the statute shifts the burden to the claimant in such case to demonstrate that the employer's rule is not fairly or consistently enforced. Here, the Commission's conclusion that Claimant failed to meet his burden is supported by competent and substantial evidence.

6

Claimant testified that he was treated differently than other employees because Employer gave other employees 24 hours to complete a drug screen at a clinic off-site. Claimant testified that during the time he worked there, no one had come to the workplace to conduct a drug test on-site. Clark responded that Employer has two bases for screening employees for drugs: random tests and those based on suspected drug use. She added that while Employer does give 24-hour windows for employees to conduct a random drug screen off-site; because of the phone call in this instance and the risk Claimant may be under the influence of drugs at work, Employer decided to call in the third party and have Claimant tested right away. Claimant presented no evidence to contradict Clark's testimony regarding the reasons Employer gave more time for employees to complete random drug tests than those suspected of being under the influence of drugs at work, or that Employer treated other employees suspected of using drugs differently than Employer treated Claimant.

The Commission found Employer's evidence more credible than Claimant's and concluded that Claimant failed to present evidence that Employer's policy was not fairly or consistently enforced. This finding is supported by competent and substantial evidence on the whole record.

## Conclusion

The Commission did not err in concluding that Employer discharged Claimant due to misconduct connected with work under Section 288.030.1(23). The Commission's

7

denial of unemployment compensation benefits is affirmed. Section 288.050.2.


_____
Gary M. Gaertner, Jr., Judge


Philip M. Hess, P. J. concurs.
Angela T. Quigless, J. concurs.


8