**YELLOW FREIGHT SYSTEM,**
Appellant,

v.

**Robert THOMAS and Division
of Employment Security**
Respondent.

No. WD 54734.

Missouri Court of Appeals,
Western District.

Sept. 8, 1998.

**2**

J. Courtney Bowlin, Overland, Kan., for Yellow Freight System, Inc.

Robert Thomas, Odessa, pro se.

Cynthia A. Quetsch, Jefferson City, for Division of Employment Security.

Before ELLIS, P.J., LOWENSTEIN and RIEDERER, JJ.

RIEDERER, J.

Yellow Freight System appeals from the decision of the Labor and Industrial Relations Commission, affirming the order of the Appeals Tribunal finding claimant was not disqualified from receiving unemployment benefits due to misconduct. Affirmed.

## Facts

Robert Thomas, Respondent, was employed by Appellant as a truck driver for 28 years. On January 30, 1997, Respondent was driving one of Appellant's trucks at a speed of 30–35 mph., east bound on Highway 40 at Ewing Ave., approximately 200 feet behind a city bus. The road had a combination of sand, slush and salt on it, due to repair work on a water main. At 4:06 p.m., as the vehicles rounded a curve, the sun was reflecting off the back of the bus which prevented Respondent from seeing the bus's brake lights come on. When Respondent realized the bus was stopping, he applied the truck's brakes which caused it to skid approximately 165 feet. The truck collided with the back of the bus, injuring two bus passengers. The police arrived on the scene and cited Respondent for careless driving. The Department of Transportation inspected the vehicle and found that the brakes on the truck were out of adjustment. Mechanics for Appellant determined the foot valve needed to be replaced. After the accident, Respondent consented to tests for alcohol and drugs. The results of both tests were negative.

Article 46 of the National Master Freight Agreement provides that a driver may be suspended or discharged if his recklessness results in a serious accident. On January 31, 1997, Appellant notified Respondent that he was suspended pending investigation. On February 7, 1997, Appellant notified Respondent that he was terminated (i.e., discharged) pursuant to Article 46. Respondent filed a grievance and, after a hearing before a committee, was reinstated on February 23, 1997. Respondent did not receive back pay for the time from January 30, 1997 to February 23, 1997. He subsequently filed a claim for unemployment benefits for this period. Appellant protested the claim because Respondent was involved in a preventable accident. The Missouri Division of Employment Security determined that Respondent was not discharged for misconduct connected with work and that he did everything he could to avoid the accident. Appellant appealed the determination. After a hearing, the Appeals Tribunal of the Division of Employment Security found that Respondent's conduct did not warrant denial of unemployment benefits. Appellant then requested review of the decision by the Labor and Industrial Relations Commission. The Commission adopted the decision of the Appeals Tribunal. This appeal ensued.

## Standard of Review

The scope of appellate review in unemployment compensation cases is limited to whether the Commission's decision is supported by competent, substantial evidence and authorized by law. *Bartsch v. Moore*, 931 S.W.2d 877, 878 (Mo.App.1996). This court considers the evidence in the light most favorable to the findings of the Commission and all reasonable inferences which may be drawn therefrom. *Id.*

### Claimant Conduct Is Not Misconduct

 Appellant argues that the Commission erred as a matter of law in concluding that the actions of Respondent did not amount to misconduct connected with work. Pursuant to § 288.210 [1] this court may:

Modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

In applying this section, we are guided by the procedure enunciated in *Davis v. Research Medical Center*, 903 S.W.2d 557 (Mo. App.1995). *Nell v. Fern–Thatcher Co.*, 952 S.W.2d 749, 752 (Mo.App.1997). When the appeal involves issues of law, we do not defer to the Commission. Rather, issues of law fall within the court's province of independent review and correction where erroneous. *Id.* Missouri courts have adopted the following definition of misconduct connected with work:

[M]isconduct ... must be an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

*Division of Employment Security v. Gardner–Denver Machinery Inc.*, 941 S.W.2d 13, 15 (Mo.App.1997). Generally, the claimant has the burden of proving eligibility for unemployment benefits. *Bartsch*, 931 S.W.2d at 880. However, where an employer claims that an employee was discharged for misconduct, the employer has the burden of proving misconduct by competent and substantial evidence. *Id.* "For an employee to be disqualified from benefits for misconduct connected with work, the employer must show that the employee violated a reasonable work rule." *Gardner*, 941 S.W.2d at 15. Therefore, Appellant has the burden of proving misconduct by competent and substantial evidence.

 In this case, the Commission adopted the findings of the Appeals Tribunal. The Commission's interpretation of whether behavior and actions amount to misconduct is entitled to great weight. *Bartsch*, 931 S.W.2d at 880. The Tribunal determined that the facts showed an "isolated incident of ordinary negligence. Because we human beings are fallible, ordinary negligence in isolated instances is not work connected misconduct."

 Appellant argues that Respondent's misconduct can be summarized as follows: "Improper loading, driving a vehicle with brakes out of adjustment, careless and reckless driving, striking a parked bus and complete disregard of the traffic and weather at the time of the accident." However, Appellant does not elaborate on these claims. There is no evidence of improper loading, and there is no evidence of driving a vehicle with brakes out of adjustment. There is no evidence of "complete disregard of traffic and weather at the time of the accident." Further, whether there was such disregard would be left to the Commission, which did not so find. Appellant agrees in its brief that there is competent and substantial evidence to support the findings of fact of the Commission, but claims Respondent's conduct is, as a matter of law, misconduct. Therefore, the issue is whether "careless and reckless driving—striking a parked bus" is, as a matter of law, misconduct connected with claimant's work. We hold that it is not.

 The Commission found that the road conditions at the time of the accident were poor. It was around 4:00 p.m., traffic was congested and confined to one lane because of repair work being done on a water main, and the road was covered in a mixture of sand, slush and salt. Respondent was not

1. All statutory references are to RSMo 1994, unless otherwise indicated.

**4**

under the influence of alcohol or drugs. He had not received a ticket in the past 28 years, and had not been involved in an accident for at least the last ten years. The Commission concluded that Respondent was not disqualified for benefits because his discharge was not for misconduct connected with work and that Appellant did not produce competent and substantial evidence to prove otherwise. We agree. Respondent acknowledges in its brief the following definition of misconduct: "Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest of the employee's duties and obligations to the employer." *Hurlbut v. Labor and Industrial Relations Commission*, 761 S.W.2d 282, 284 (Mo.App.1988). Although Appellant does not specify which of these descriptions fits claimant, the only one which could fit under the evidence is negligence. Negligence has to be "in such degree or recurrence as to manifest culpability, wrongful intent or evil design." *Id.* The Appeals Tribunal found that the conduct established by the evidence was an isolated act of simple negligence. The Commission adopted this finding of the Appeals Tribunal. We agree. An isolated act of simple negligence is not, as a matter of law, misconduct connected with work.

Affirmed.

ELLIS, P.J., and LOWENSTEIN, J., concur.