Rachel SILMAN, Claimant–Appellant,

v.

SIMMONS' GROCERY & HARDWARE, INC., and Missouri Division of Employment Security, Employer/Insurer–Respondents.

No. 27506.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 13, 2006.

Christopher L. Yarbro, Poplar Bluff, MO, for Appellant.

Larry R. Ruhmann, Jefferson City, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

Rachel Silman ("Appellant") appeals the denial of her application for employment security benefits; she was denied benefits based upon misconduct. We affirm.

 This Court may modify, reverse, remand for rehearing or set aside the decision of the Missouri Division of Employment Security ("the Commission") when there is insufficient competent evidence in the record to warrant the decision. Section 288.210.[1] Whether an employee's actions constitute misconduct associated with the employee's work is a question of law. *Dixon v. Division of Employment Security,* 106 S.W.3d 536, 540 (Mo.App. W.D. 2003). We, however, must accept the Commission's judgment on the evidence and defer to the Commission on determinations regarding weight of the evidence and the credibility of witnesses. *Id.*

 Misconduct is an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his or her employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial

---

1. All references to statutes are to RSMo 2000, unless otherwise specified.

disregard of the employer's interest or of the employee's duties and obligations to the employer.

Section 288.030.1(24); *see also Brown v. Division of Employment Security,* 947 S.W.2d 448, 450 (Mo.App. W.D.1997). For a claimant's actions to be considered misconduct, there must be some form of "willfulness" on behalf of the claimant. *Scrivener Oil Company, Inc. v. Division of Employment Security,* 184 S.W.3d 635, 640 (Mo.App. S.D.2006). The employer has the burden to prove that the employee's action constitutes misconduct. *Dixon,* 106 S.W.3d at 541.

With that standard of review in mind, we address the facts. Appellant was employed by Simmons' Grocery & Hardware for approximately eighteen months as a cook and cash register attendant. On September 23, 2005, the corporate secretary, Thomas Simmons ("Simmons"), was monitoring Appellant in performing her job duties. He observed her remove a box of diet pills from a product display and place the pills within her apron. Afterwards, Appellant walked to her cook area, removed the pills from her apron, threw the box container in the nearest trash receptacle, and placed the pills in her purse. Near the end of her shift, Appellant purchased other items from the store and attempted to leave. Simmons checked the other register to see if Appellant had paid for the diet pills but she had not. He approached Appellant and informed her she had a problem. He told her he had observed her placing some pills within her purse that she had failed to pay for. He asked her to follow him to the upstairs office to further discuss the incident.

Appellant's immediate supervisors, Stephanie Reynolds and Marilyn Simmons, accompanied the two to Simmons' office. After Simmons confirmed that Appellant had purchased all of the items within her bag, he asked Appellant about the pills in her purse. At first, Appellant claimed she had paid for them separately. Later, she stated "I don't think I paid for 'em, you know.... [M]aybe I just made, you know, a wrong decision here, you know. I'm sorry if I've done something wrong, you know." After Simmons fired Appellant, he asked a co-worker, Aimee Million, if she knew that Appellant had taken the diet pills and put them in her pocket. Ms. Million told Simmons that she did not know that Appellant had taken the diet pills.

Appellant filed for unemployment benefits. The employer filed a protest pursuant to section 288.070.1 alleging that the "[Appellant] was fired because she was caught putting items in her purse without paying for them." Appellant later provided the Commission with evidence that Ms. Million remembered ringing up the pills allegedly stolen by Appellant and accepted money for the same early in Appellant's shift that day. Appellant further supplied a statement of Elizabeth Farris, who claimed Simmons had commented he could not prove Appellant stole the pills from the store. The Commission determined that Appellant was disqualified for unemployment benefits because she was discharged for taking a bottle of medicine without paying for it and she was aware that all purchases had to be paid for prior to leaving the store. The Commission specifically found that Appellant's testimony as to payment for the pills was unworthy of credit.

Appellant brings two points on appeal, both challenging the sufficiency of the evidence for the finding by the Commission that Appellant had committed misconduct. Appellant's first point claims that her actions do not legally constitute misconduct because there was no evidence of repeated conduct or pattern of thievery and error. The second point claims the Commission erred in finding misconduct in view of the

"overwhelming" evidence supplied by Appellant. We reject both claims, but address them in reverse order for ease of discussion.

As noted by our standard of review, the Commission determines the credibility of witnesses and the Commission determined that Appellant's claims regarding the payment for the pills were not credible. The Commission was free to disregard the later statements of Ms. Million that Appellant had paid for the pills in light of her lack of memory on the day of the incident. The Commission was also free to disregard the contradictory statements of Appellant regarding whether she paid for the pills or not. We, therefore, accept as true that Appellant took the diet pills off the shelf, eventually placed them in her purse, and intentionally did not pay for them. Sufficient evidence exists in the factual finding of misconduct by the Commission. Point II is denied.

The next issue to decide is whether Appellant's actions constitute misconduct as a matter of law. We find that they do. Appellant claims that she was busy on the day she was fired and that the events of that one day do not constitute misconduct because it was not a repeated conduct or pattern of thievery. There is no such requirement that a single act of theft cannot be misconduct as used in section 288.050.2. Appellant cites to cases where the appellate courts reversed a finding of misconduct when the claimant was fired for negligence at the workplace. Appellant was not negligent when she took the pills from the shelf, placed them in her apron, opened the box, threw it into the trash and placed the pills in her purse. Although she claimed on the day of the incident that she may have forgotten to pay for them, the Commission found that testimony not to be credible. We must accept then that Appellant committed a willful act in intentionally not paying for the pills. A single act can constitute misconduct under the Missouri Employment Security Law. *See Circuit Court of Jackson County v. Division of Employment Security*, 936 S.W.2d 611, 613–14 (Mo.App. W.D.1997)(finding an applicant for unemployment benefits committed misconduct in using disruptive and aggressive behavior while attempting to collect fees for the processing of papers and using official identification while working as a private citizen); *Acord v. Labor Indus. Relations Comm'n*, 607 S.W.2d 174, 176 (Mo.App. S.D.1980) (finding a single act of swearing at supervisor constituted misconduct). Point I is denied.

The judgment is affirmed.

PARRISH, J. and SCOTT, J., concur.