Tracey WHITE, Appellant,

v.

The WACKENHUT CORPORATION and Division of Employment Security, Respondents.

No. ED 87945.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 19, 2006.

Tracey White, St. Louis, MO, Pro Se.

The Wackenhut Corp., c/o Jon–Jay Associates, Inc., Peabody, MA, Pro Se, Ninion S. Riley, Department of Revenue, Jefferson City, MO, for Respondents.

ROBERT G. DOWD, JR., Judge.

Tracey White (Claimant) appeals from the decision of Labor and Industrial Relations Commission (Commission) affirming and adopting the decision of the Appeals Tribunal of the Missouri Division of Employment Security (Division) which found in favor of the Wackenhut Corporation (Employer) on Claimant's claim for unemployment benefits. On appeal, Claimant argues there was not competent and substantial evidence supporting the Commission's finding that Claimant was disqualified from receiving unemployment benefits for "misconduct connected with work." We reverse.

Claimant worked for Employer as a security guard for approximately six months. Claimant's duties were to guard the Park Side Towers in downtown City of St. Louis. Claimant worked one day a week, on Saturdays from 6:30 a.m. to 2:30 p.m. On Saturday, June 11, 2005, Claimant called the work site at 8:30 a.m. to report her absence. By then, Employer had brought in another worker to cover Claimant's shift. Claimant was discharged for this infraction.

Claimant testified that she did not arrive to work on time because her alarm clock "did not go off for some reason." Claimant set the alarm clock properly, but it malfunctioned. Claimant was aware there was a problem with her alarm clock because the alarm clock had failed to work properly in the past. However, Claimant testified that on June 11, 2005, it was the first time the clock caused her to miss work with Employer. Claimant had not previously received warnings or reprimands for misconduct.

Anthony Ortega (Ortega), the area supervisor for Employer, testified that Employer has a rule that an employee must notify Employer of any absence at least four hours before the beginning of her work shift. Ortega testified that an employee is subject to immediate dismissal if the employee fails to call and fails to appear timely for her work shift. Even if an employee calls two hours after the beginning of her work shift, she is considered to be a "no-call." Claimant testified she knew about Employer's policy of immediate dismissal for a "no-call, no-show."

Claimant filed a claim for unemployment benefits. Employer protested the claim. A deputy from the Division determined that Claimant quit her job without good cause attributable to her employer. Claimant appealed the determination. A hearing was held on whether Claimant quit her work without good cause attributable to the work or was discharged for misconduct connected with the work. The appeals referee issued a decision modifying the deputy's determination. The referee found as follows:

> The employer has a reasonable expectation that workers will report for work on time. The claimant's failure to do so, because she overslept, something totally within her control, is misconduct connected with work. The claimant was on notice that there was a problem with the alarm clock yet she relied upon it to sound in time for her to appear for work on June 11, 2005. The claimant's reliance was unreasonable and misplaced. Therefore, the claimant was discharged

on June 11, 2005, for misconduct with work.

Claimant filed an application for review with the Commission. The Commission affirmed and adopted the referee's decision finding that Claimant was discharged for misconduct connected with her work and was thus disqualified from receiving unemployment benefits. This appeal follows.

In her sole point on appeal, Claimant argues there was not competent and substantial evidence supporting the Commission's finding that Claimant was disqualified from receiving unemployment benefits for "misconduct connected with work." We agree.

Our review of the Commission's decision is governed by Section 288.210, RSMo, 2000.[1] Section 288.210 provides in part as follows:

Upon appeal no additional evidence shall be heard. The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

Section 288.050 governs the eligibility of unemployment benefits. The disqualifying provision under Section 288.050 provides in part as follows:

2. If a deputy finds that a claimant has been discharged for misconduct connected with the claimant's work, such claimant shall be disqualified for waiting week credit and benefits, and no benefits shall be paid nor shall the cost of any benefits be charged against any employer for any period of employment within the base period until the claimant has earned wages for work insured under the unemployment laws of this state or any other state as prescribed in this section....

The term "misconduct," as used in Section 288.050.2, is defined by statute in Section 288.030.1(24), which states as follows:

"Misconduct," an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his or her employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

In each of the alternative ways in which an employee can engage in misconduct disqualifying the employee from receiving unemployment compensation, there is the requirement that the employee willfully violate the rules or standards of the employer. *Hoover v. Community Blood Center,* 153 S.W.3d 9, 13 (Mo.App. W.D. 2005).[2] There is a vast distinction between

1. Unless otherwise indicated, all further statutory references are to RSMo 2000.

2. Employer contends that unlike other sections of the definition of misconduct, "a disregard of standards of behavior which the

the violation of an employer's work rule, which would justify the discharge of the employee, and a willful, wanton, or deliberate violation of such rule, which would warrant a determination of misconduct disqualifying the claimant for unemployment-compensation benefits. *Id.* "Violation of an employer's absence policy, which may be adequate cause for dismissal, is not, standing alone, necessarily a finding of misconduct connected with work, so as to deny unemployment benefits." *Division of Employment Security v. Gardner–Denver Machinery, Inc.*, 941 S.W.2d 13, 16 (Mo.App. W.D.1997). When, as here, the employer contends the claimant was discharged for "misconduct," it is the employer that bears the burden of proving by substantial and competent evidence that the claimant was discharged for "misconduct" connected with work. *Akers v. Barnes–Jewish Hospital,* 164 S.W.3d 136, 137–8 (Mo.App. E.D.2005).

■ Here, the evidence showed that Claimant overslept due to her alarm clock malfunctioning. Employer presented no evidence to suggest that Claimant was not making a good faith effort to get to work or that her failure to attend work was intentional. While Claimant's absence may constitute cause for Employer to terminate Claimant's employment, it does not rise to the level of misconduct. Claimant's absence under this circumstance does not demonstrate a willful or deliberate disregard of Employer's interests or Claimant's duties to Employer. Employer here has failed to meet its burden.

There was not competent and substantial evidence supporting the Commission's finding that Employer's decision to discharge Claimant was prompted by actions

sufficient to constitute "misconduct connected with work," and that such actions were sufficient to disqualify Claimant from receiving unemployment benefits under Section 288.030.1(24).

Reversed and remanded for proceedings consistent with this opinion.

GEORGE W. DRAPER III, P.J. and GARY M. GAERTNER, SR., J., concur.

---

employer has the right to expect of his employee" does not require willful behavior or wrongful intent. We disagree. In *Hoover,* the court specifically held that each of the

ways in which an employee can engage in misconduct requires that the employee willfully violate the rules or standards of the employer. *Hoover,* 153 S.W.3d at 13.