**Kelvin PEOPLES, Appellant,**

v.

**ESI MAIL PHARMACY SERVICES, INC., and Division of Employment Security, Respondents.**

**No. ED 87565.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 6, 2007.

———

Kelvin Peoples, Florissant, MO, pro se appellant.

Cynthia Quetsch, Jefferson City, MO, for respondent.

ROY L. RICHTER, Presiding Judge.

Kelvin Peoples ("Claimant") appeals the decision of the Labor and Industrial Relations Commission ("Commission") upholding the decision of the Appeals Tribunal of the Division of Employment Security disqualifying him from receiving unemployment benefits. We affirm.

Claimant worked for ESI Mail Pharmacy Services, Inc. ("ESI") for two years as a "packer." After being terminated for sending incorrect prescriptions to customers, Claimant filed for unemployment benefits. ESI contested the claim, citing Claimant's unsatisfactory performance. After a hearing before a deputy for the Division of Employment Security, the deputy disqualified Claimant from receiving benefits, finding that sending the wrong prescription to a customer constituted misconduct connected with work. Claimant appealed the determination, and an evidentiary hearing was held before the Appeals Tribunal, which upheld the determination of the deputy to disqualify and the finding that Claimant's actions constituted misconduct connected with work. Claimant then appealed to the Commission. The Commission disagreed with the Appeals Tribunal's determination that Claimant had intentionally erred in packing the wrong medication. Instead, the Decision of the Commission found:

"We find the evidence sufficient only to demonstrate recurring negligence by claimant at such a level of recurrence as to manifest culpability through acts that affect employer's interest. Based on the competent and substantial evidence in the record, *we do not find any intentional misconduct.*" The Commission went on to state: "... claimant's actions do negatively affect employer's interest and are blameworthy, *but do not rise to the level of intentional, willful or deliberate misconduct by claimant.*" The Commission

then affirmed the disqualification of the "claimant for unemployment benefits for misconduct, *but for the reason of reckless negligence, not intentional, misconduct.*" [emphasis added]

Claimant alleges in his point relied on that the Commission erred in disqualifying him from receiving benefits because: (1) the Commission acted beyond its authority by failing to make the finding that his discharge was the result of willful misconduct (as opposed to negligence), (2) the facts do not support the Commission's contention that the disqualification was not for misconduct connected with work, and (3) the lack of sufficient evidence to support the decision.

Our review of the Commission's decision is governed by Section 288.210,[1] which provides, in relevant part:

> The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:
>
> (1) That the commission acted without or in excess of its powers;
>
> (2) That the decision was procured by fraud;
>
> (3) That the facts found by the commission do not support the award; or
>
> (4) That there was no sufficient competent evidence in the record to warrant the making of the award.

We will uphold the award of the Commission if there is sufficient competent and substantial evidence to support the award.

*Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 222–23 (Mo.banc 2003). We defer to the Commission's determinations regarding weight of the evidence and the credibility of witnesses. *Five Star Mfg., Inc. v. Tanksley,* 168 S.W.3d 719, 721 (Mo. App. S.D.2005). Although we defer to the factual findings of the Commission if supported by competent and substantial evidence, the issue of whether an employee's actions constitute misconduct associated with the employee's work is a question of law. *Id.* To the extent an appeal involves questions of law, no deference is given to the Commission. *Dixon v. Div. of Employment Sec.,* 106 S.W.3d 536, 540 (Mo. App. W.D.2003).

Under the Missouri employment-security laws, "misconduct" is defined as: an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his or her employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. Section 288.030.1(24) RSMo. Cum.Supp.2005. This statutory definition, effective January 1, 2005, sets forth a nearly identical definition of "misconduct" to that announced by the appellate courts of this State. See also: *Akers v. Barnes–Jewish Hospital,* 164 S.W.3d 136, 138 (Mo.App. E.D.2005). We find that Claimant's actions in sending the wrong prescriptions to customers on multiple occasions meets the statutory definition of misconduct in that it demonstrates "a disregard of standards of behavior which the employer has the right to

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

expect of his or her employee." We affirm the disqualification of benefits.

KATHIANNE KNAUP CRANE and SHERRI B. SULLIVAN, JJ., Concur.