Janice WIELAND, Appellant,

v.

ST. ANTHONY'S MEDICAL CENTER, and Division of Employment Security, Respondents.

No. ED 92244.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 15, 2009.

Rex Gradeless, John J. Ammann, St. Louis, MO, for Appellant.

Shelly A. Kintzel, Larry R. Ruhmann, Div. of Empl. Sec., Jefferson City, MO, for Respondent.

St. Anthony's Medical Center, St. Louis, MO, pro se.

ROY L. RICHTER, Judge.

Janice Wieland ("Wieland") appeals the Labor and Industrial Relations Commission's ("the Commission") decision denying her unemployment benefits. We reverse and remand to the Commission to award Wieland unemployment benefits.

## I. BACKGROUND

Wieland was a medical technician at St. Anthony's Medical Center ("SAMC"). Wieland worked in the blood bank where she entered blood types into a computer grid. On May 2, 2008, Wieland accidentally transposed two blood types on the grid, assigning one patient's blood type to another patient. The mistake was caught by a second technician who performed redundancy checks on Wieland's work. Because of the mistake, Wieland was fired on May 7, 2008.

An Administrative Law Judge ("ALJ") with the Division of Employment Security ("DES") determined that Wieland was disqualified from unemployment benefits because she was discharged for misconduct related to her work. Wieland appealed. The Appeals Tribunal held a telephone hearing, and later affirmed the ALJ's decision. Wieland then filed an Application for Review of the Decision of the Appeals Tribunal with the Commission. The Commission set aside the decision of the Appeals Tribunal due to a malfunction of the tape recorder at the first hearing. The Commission remanded the case to the Appeals Tribunal. The Appeals Tribunal again held that Wieland was discharged for misconduct and therefore not eligible for unemployment benefits.

Wieland again filed for review before the Commission. The Commission adopted the findings of the Appeals Tribunal as its own order. Wieland then filed a Motion for Reconsideration, which the Commission denied. Wieland appeals.

## II. DISCUSSION

■ Wieland's sole point on appeal is that the Commission erred in denying her unemployment benefits because Wieland's actions did not amount to misconduct under Missouri law. We agree.

■ On appeal, we may modify, reverse, remand for rehearing, or set aside the decision of the Commission on the following grounds and no other: (1) that the commission acted without or in excess of its powers; (2) that the decision was procured by fraud; (3) that the facts found by the commission do not support the award; or (4) that there was no sufficient competent evidence in the record to warrant the

making of the award. *Clement v. Kelly Servs., Inc.*, 277 S.W.3d 327, 329 (Mo.App. E.D.2009). The fact findings of the Commission, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. *Id.* However, in reviewing the Commission's decision this Court is not bound by the Commission's conclusions of law or its application of the law to the facts. *Difatta–Wheaton v. Dolphin Capital Corp.*, 271 S.W.3d 594, 595 (Mo. banc 2008). Where, as is the case here, there is no factual dispute, and the issue is construction and application of a statute, the case presents an issue of law that this Court reviews de novo. *Id.*

Under Missouri employment security laws, "misconduct" is defined as:

> An act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his or her employee, or negligence in such a degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

Section 288.030.1(24) RSMo. Cum.Supp. 2005.

■ The initial requirement is that the employee in some way *willfully* violate the rules and standards of the employer. *White v. Wackenhut Corp.*, 208 S.W.3d 916, 918 (Mo.App. E.D.2006). There is a vast distinction between the violation of an employer's work rule, which would justify the discharge of the employee, and a willful, wanton, or deliberate violation of such rule, which would warrant a determination of misconduct and disqualify the claimant for unemployment-compensation benefits.

*Id.* at 918–9. Said another way, there is a distinction between the violation of an employer's rule justifying the employee's discharge and the violation of an employer's rule warranting a finding of misconduct connected to the employee's work. *Freeman v. Gary Glass & Mirror, L.L.C.*, 276 S.W.3d 388, 391–2 (Mo.App. S.D.2009).

■ We find that nothing in the record reflects that Wieland willfully mislabeled the blood types. Rather, the record shows that Wieland merely made a mistake. Accidents or negligence, without a showing of willful intent, cannot rise to the level of misconduct as defined by section 288.030.1(24). *Dobberstein v. Charter Commc'ns, Inc.*, 241 S.W.3d 849, 853 (Mo. App. E.D.2007).

We do note that SAMC has not provided us with a respondent's brief. Although the record before us mentions that Wieland has allegedly made prior mistakes, it provides us with no information concerning the nature or severity of the prior actions. Therefore, without a respondent's brief to clarify, from the record alone, we find that Wieland's actions do not rise to the level of misconduct. Point granted.

## III. CONCLUSION

The judgment is reversed pursuant to Rule 84.16(b). We remand to the Commission to award Wieland unemployment benefits.

KURT S. ODENWALD, P.J., and GEORGE W. DRAPER III, J., concur.