Maria BOLDEN, Appellant,

v.

CURA, INC., and Division of
Employment Security,
Respondents.

No. ED 96276.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 25, 2011.

Martin Louis Perron, St. Louis, MO, for Appellant.

Shelly A. Kintzel, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Judge.

Maria Bolden ("Bolden") appeals a decision from the Labor and Industrial Relations Commission ("the Commission") denying Bolden unemployment benefits. We reverse and remand.

## I. BACKGROUND

Bolden was employed as a caregiver at a nursing home, Cura, Inc. ("Employer"), from April 20, 2007, through October 5, 2010. On October 5, 2010, Bolden was discharged by Employer.

The record shows that on October 25, 2010, a deputy for the Division of Employment Security ("the Division") determined that Bolden was disqualified as of October 4, 2010, from receiving unemployment benefits because her discharge was for misconduct connected with work. The Divi-

sion's deputy reasoned that Bolden was discharged because her supervisor observed Bolden on video washing her personal laundry while on duty.

Bolden appealed to the Division's Appeals Tribunal ("the Tribunal"). After a hearing on November 22, 2010, the Tribunal modified the deputy's determination and found that Bolden was discharged on October 5, 2010, a day later than the deputy found, for misconduct connected with work under Section 288.030.1(23), RSMo Cum.Supp.2010.[1]

The Tribunal found that after Bolden's supervisor witnessed a nursing home resident with a black eye and traces of blood, the supervisor reviewed video records to see that the resident's caregiver, Bolden, was sitting in a dark common room watching television just before the resident fell. The supervisor also witnessed on video Bolden placing a pillow under the resident's head after the resident fell.

Bolden testified that she heard the resident fall and the resident was too bulky to be lifted by one person, so Bolden placed a pillow under the resident's head. Bolden said that she did not fill out an incident report for the fall because she did not believe it was necessary. Employer's witness testified that she called Bolden at home to go over the incident and to ask about the incident report. She testified that, at first, Bolden did not acknowledge the incident, then admitted that no report was filed and agreed to come to the workplace to complete such report. The Tribunal found that Employer's witness testified credibly that an incident report is mandated by the State for every incident, and that caregivers are instructed on this at orientation. The supervisor completed the inci-

---

1. All subsequent statutory citations are to RSMo Cum.Supp.2010, unless otherwise indicated.

dent report herself and suspended Bolden, discharging her later that day.

The Tribunal concluded that Bolden was discharged on October 5, 2010, for misconduct connected with work. According to the Tribunal, the credible evidence showed that the incident report was mandatory for circumstances such as this and that Bolden did not fulfill her obligation regarding the report. Further, the Tribunal concluded that Bolden would not have disclosed the actual fall but for her supervisor observing it on video. The Tribunal inferred that Bolden was interested in avoiding work and attempted to shirk her responsibilities with regard to proper reporting. When asked, Bolden considered the report unnecessary. The Tribunal found the supervisor's testimony more convincing as to the need to create a report and the caregivers' training, which included instructions that the incident report was mandatory for such situations as Bolden encountered here.

Bolden subsequently appealed to the Commission, which affirmed and adopted the Tribunal's decision. Bolden now appeals to this Court. The Division also moves this Court to remand to the Commission with instructions to issue a new determination.

## II. DISCUSSION

In her sole point on appeal, Bolden argues that the Commission's determination that she was discharged for work-related misconduct and denying her unemployment benefits is not supported by the facts, the Commission's findings are not supported by sufficient competent evidence in the record, and the decision is not authorized by law. Additionally, the Division's Motion for Remand argues that the record does not support the Commission's findings that the incident report was required by state law for a fall with no

apparent injury, and that Bolden was told of this requirement at orientation. Without these facts, the Division argues, the record does not resolve the essential issues of whether a report was required and whether Bolden knew it was required, thus the record does not resolve whether Bolden committed misconduct connected with work. We agree with both Bolden and the Division, finding that the record does not support the Commission's decision.

We may set aside the decision of the Commission only where (1) the Commission acted without or in excess of its powers, (2) the decision was procured by fraud, (3) the facts found by the Commission do not support the award, or (4) there was no sufficient competent evidence in the record to warrant the making of the award. *Ayers v. Sylvia Thompson Residence Ctr.*, 211 S.W.3d 195, 197–98 (Mo. App. W.D.2007). Under Section 288.210, we review the whole record to determine if it contains sufficient competent and substantial evidence to support the award. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo. Banc 2003). The weight to be given to the evidence and the resolution of conflicting evidence are for the Commission, and its choice is binding upon the court. *Willcut v. Div. of Employment Sec.*, 193 S.W.3d 410, 412 (Mo. App. E.D.2006). We defer to the Commission on issues involving the credibility of witnesses and the weight to be given to their testimony. *Munson v. Div. of Employment Sec.*, 323 S.W.3d 112, 114 (Mo. App. W.D.2010). However, we owe no deference to the Commission's conclusions of law or application of the law to the facts. *Id.* Whether an employee's conduct constitutes misconduct connected with work is a question of law, thus the Commission's determination is not given any deference by the reviewing court. *Ottomeyer v.*

*Whelan Sec. Co.,* 202 S.W.3d 88, 91 (Mo. App. E.D.2006).

 Under Section 288.050.2, a claimant may be disqualified from receiving unemployment benefits if he committed misconduct connected with work. Section 288.050.2. While an employee generally bears the burden of demonstrating he is entitled to unemployment benefits, the burden shifts to the employer to prove misconduct connected with work when the employer asserts that the employee was discharged for misconduct. *Williams v. Enterprise Rent–A–Car Shared Servs., LLC,* 297 S.W.3d 139, 142 (Mo.App. E.D. 2009). Under Section 288.030.1(23), misconduct is defined as:

> [1] an act of wanton or willful disregard of the employer's interest, [2] a deliberate violation of the employer's rules, [3] a disregard of standards of behavior which the employer has the right to expect of his or her employee, or [4] negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

 A finding of misconduct requires proof by a preponderance of the evidence that a claimant willfully violated the rules or standards of the employer and that his actions were not simply the result of poor workmanship, lack of judgment, or an inability to do the job. *Hoover v. Cmty. Blood Ctr.,* 153 S.W.3d 9, 13 (Mo.App. W.D.2005).

Bolden argues that the Commission erred in finding there was sufficient evidence in the record that the discharge was for misconduct related to work. Bolden contends that the Commission's finding of misconduct is unsupported by the evidence because the finding centered on her failure to complete an incident report as instructed by her employer and as mandated by the state. Bolden argues that the record contains no evidence that reporting minor falls was a mandated directive under the Employer's policies and procedures, or that Bolden was trained in the nuances of filling out such report.

The Division similarly argues in its Motion for Remand that the evidence in the record falls short of proving the essential elements of misconduct. Specifically, the Division points out that Employer's witnesses testified that they believed the incident report was required, but did not state the basis for that belief. Employer's witnesses did not testify whether there was a written incident reporting policy for the company or the State, or what the policy required.

Upon this Court's review of the record, we find no sufficient evidence to warrant the denial of Bolden's benefits. Employer's witness testified only that Bolden was supposed to fill out an incident report, and that employees were trained regarding such reports. The Tribunal found, and the Commission adopted its finding, that credible evidence showed that the incident report was mandatory for circumstances such as this and that Bolden did not fulfill her obligation regarding the report. The Commission found the supervisor's testimony more convincing as to the need to create a report and caregivers' training, which included instructions that the incident report was mandatory for such situations as Bolden encountered here. Although we defer to the Commission's finding that Employer's witness testified credibly, the supervisor's testimony is deficient in proving Bolden committed misconduct connected with work. Without evidence that Bolden had knowledge of Employer's reporting policy, we cannot find that Bolden willfully violated Employ-

er's policies. A mere mistake, an accidental lapse, or an act of neglect, without a showing of willful intent, does not rise to the level of misconduct under its definition in Section 288.030.1(23). *Wieland v. St. Anthony's Med. Ctr.*, 294 S.W.3d 77, 79 (Mo.App. E.D.2009). Accordingly, we hold the Commission erred in finding that Bolden's failure to complete an incident report in an attempt to avoid work amounted to misconduct that disqualified her from receiving unemployment benefits. The Division's Motion for Remand and Bolden's point on appeal are granted. The case is reversed and remanded to the Commission. The Commission is instructed to hold a new hearing to receive suffi-cient evidence to support any findings it makes.

### III. CONCLUSION

The decision of the Commission is reversed and the case is remanded to the Commission with instructions to hold a new hearing.

CLIFFORD H. AHRENS, P.J., and GARY M. GAERTNER, JR., J., concur.